UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEROLOS GERGAWI,<br><br>         Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE; SIDNEY AKI; TODD LYONS; KRISTI NOEM; PAMELA BONDI; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>         Respondents. | Case No.: 3:25-cv-3352-JES-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

  Before the Court is Petitioner Kerolos Gergawi's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's order to show cause, Respondents filed a return to the petition and Petitioner filed a traverse. ECF Nos. 5, 6. The Court ordered supplemental briefing and the parties filed their respective briefs pursuant to that order. ECF Nos. 7-9. For the reasons set forth below, the Court **GRANTS** the petition.

### I.  BACKGROUND

  Petitioner, a native of Egypt, entered the United States on April 12, 2024. ECF No. 1 ¶ 41. He alleges that he was detained until the following day, when he was put into removal

proceedings and then was released into the United States on his own recognizance. *Id.* ¶ 41; ECF No. 5-1, Ex. 1. The parties agree that Petitioner's release was based on an Order of Release on Recognizance. ECF Nos. 8, 9. After his release, Petitioner alleges that he complied with regular ICE check-ins, while his removal case remained pending and he pursued an asylum claim. ECF No. 1 ¶¶ 44, 45.

On June 30, 2025, Petitioner alleges that during his regularly scheduled Master Calendar hearing, the government attorney moved to dismiss his removal proceedings in order to put him into expedited removal proceedings. *Id.* ¶ 46. The IJ did not grant the motion at that time, but provided Petitioner 10 days to respond to the request. *Id.* Petitioner alleges that he was then apprehended by ICE when he exited the courtroom. *Id.* ¶ 47. Petitioner alleges that at the time he was apprehended, he was not provided with a written notice or given any reason for why he was being detained. *Id.* Petitioner alleges that the government, at that time, told him that he would be subject to expedited removal. *Id.* However, Petitioner alleges that his 240 removal proceedings were not formally terminated however, until July 9, 2025. *Id.*; ECF No. 5-1, Ex 2. On July 18, 2025, Petitioner alleges that he was given a credible fear interview, which was positive. ECF No. 1 ¶ 48. On July 20, 2025, Petitioner was issued another Notice to Appear, that placed him back into 240 removal proceedings. *Id.*; ECF No. 5-1, Ex. 4.

Petitioner alleges five causes of action in his petition: (1) violation of Procedural Due Process arising from his asylum application; (2) violation of the Administrative Procedure Act ("APA") for his re-detention; (3) violation of Due Process arising from his placement into expedited removal; (4) violation of Procedural Due Process arising from his re-detention; and (5) violation of the APA arising from his placement into expedited removal. ECF No. 1 ¶¶ 54-86.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that

custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.   DISCUSSION

In Respondents' return to the petition, they raise several issues: (1) Petitioner's claim and requested relief is not proper habeas relief and jurisdictionally barred by 8 U.S.C. § 1252; and (2) Petitioner is lawfully detained under § 1225. ECF No. 5.

#### A.   Jurisdiction

The arguments with regards to jurisdiction are identical to those recently addressed by the undersigned in *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025). The Court adopts it reasoning as to these issues and incorporates it by reference. *See also Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding same).

Accordingly, the Court finds that the jurisdiction stripping provisions of 8 U.S.C. § 1252 do not strip it of jurisdiction to hear Petitioner's claims and the claims can be brought upon a petition for a writ of habeas corpus.

#### B.   Detention Under § 1225

Respondents argue that Petitioner is detained pursuant to 8 U.S.C. § 1225's mandatory detention because Petitioner is "an applicant for admission" as contemplated under § 1225, and thus, his detention is proper and his requested relief is barred. ECF No. 5 at 11-13.

The issue presented in this case has been addressed by several district courts in this Circuit and across the nation recently. This court, along with many others, have overwhelmingly held that § 1225 does not apply to detentions that occur after the petitioner has been residing in the United States for a period of time. *See Martinez Lopez*, 2025 WL 3030457, at *4-5 (explaining reasoning and citing cases); *Beltran*, 2025 WL 3078837, at *4-7 (same). The Court adopts its prior reasoning here.

Specifically, courts have applied this reasoning to a situation like Petitioner's—there is no dispute that he was paroled into the United States at the border on April 13, 2024, and had lived in the United States since that date before he was re-detained. *See Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (holding § 1226 applies to petitioner who was paroled into the country on her own recognizance in June 2024 and re-detained in August 2025); *Sampiao v. Hyde*, No. 1:25-CV-11981-JEK, 2025 WL 2607924, at *8 (D. Mass. Sept. 9, 2025) (holding § 1226 applies to petitioner who was released at border on own recognizance in October 2021 and re-detained in July 2025); *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *9 (S.D.N.Y. Aug. 13, 2025) (holding § 1226 applies to petitioner who was released at border on his own recognizance in May 2023 and re-detained in July 2025).

Nor does it change the calculus that Respondents attempted to dismiss Petitioner's original 240 removal proceedings and place him into 235 expedited removal proceedings. As Petitioner raises above, the IJ had not yet granted the motion to dismiss the original 240 proceedings at the time he was re-detained immediately after his Master Calendar hearing. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1031 (N.D. Cal. 2025) (rejecting government's position that re-detention could not be challenged because it was mandatory detention under identical scenario where IJ did not grant the motion to dismiss the 240 proceedings and petitioner was immediately re-detained purportedly under 235 expedited proceedings); *Castellon v. Kaiser*, No. 1:25-CV-00968 JLT EPG, 2025 WL 2373425, at *9 (E.D. Cal. Aug. 14, 2025) (same); *see also Leiva Flores v. Albarran*, No. 25-CV-09302-AMO, 2025 WL 3228306, at *4 (N.D. Cal. Nov. 19, 2025) ("The Court is persuaded by the many

district courts that have found Section 1225 inapplicable to noncitizens who were conditionally released in the past under Section 1226.").

Accordingly, the Court holds that 8 U.S.C. § 1225 does not apply to Petitioner's detention and preclude a decision in his favor on the merits.

### C. Procedural Due Process

Petitioner argues that his re-detention violates procedural due process because he was not given any notice and an opportunity to be heard when he was re-detained after his Immigration Court hearing. The government does not meaningfully address the procedural due process issue in its Return. *See generally* ECF No. 5.

The Court agrees with Petitioner that once granted parole, such parole cannot be revoked without following what is required by procedural due process. The original petition and return filed by Respondents did not include information regarding what kind of parole Petitioner was released under in April 2024. Thus, the Court ordered the parties to supplement the record on this issue. Respondents state that Petitioner was released on an Order of Release of Recognizance ("OREC"). ECF No. 8. Petitioner states that he does not have any documentation to substantiate what kind of parole he was released under, but argues that it does not matter because conditional parole implicates due process rights as well. ECF No. 9.

Courts have identified various ways that a petitioner may be granted some form of parole. The choice is "discretionary and is made on a case-by-case basis." *J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025). Parole can be made for humanitarian reasons or for it providing a significant public benefit under 8 U.S.C. § 1182(d)(5)(A), or it can be for conditional parole under 8 U.S.C. § 1226(a). *Id.* Courts have recognized that typically, the term "released on their own recognizance" refers to conditional parole. *Id.*; *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'released on recognizance' as another name for 'conditional parole' under § 1226(a)"); *Castellon*, 2025

WL 2373425, at *4; *Faizyan v. Casey*, No. 3:25-CV-0884-RBM-JLB, 2025 WL 3208844, at *1 n.2 (S.D. Cal. Nov. 17, 2025).

While courts have recognized these as distinct procedures, they have consistently applied the same procedural due process analysis to petitioners under these forms of parole. In the context of 8 U.S.C. § 1182(d)(5)(A), courts have held that such parole status entitles the petitioner to certain due process rights under both procedural due process and the Administrative Procedure Act ("APA"). *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) (finding violation under APA); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 154 (W.D.N.Y. 2025) (finding violation under procedural due process). Similarly, for conditional release under § 1226(a), the court in *Pinchi* explained similar procedural due process rights:

> [Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria. The regulations authorizing ICE to release a noncitizen from custody require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). [Petitioner] was apprehended by ICE officers when she crossed the border into the United States . . . ICE then released her on her own recognizance. As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined she was neither. [Petitioner's] release from ICE custody constituted an "implied promise" that her liberty would not be revoked unless she "failed to live up to the conditions of her release." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The regulatory framework makes clear that those conditions were that she remain neither a danger to the community nor a flight risk. . . . Accordingly, [Petitioner's] private interest in retaining her liberty is significant.

*Pinchi*, 792 F. Supp. 3d at 1034-35. Several district courts have followed suit and found due process violations where the petitioners in the cases were specifically identified to be released under Order of Release on Recognizance with an accompanying I-220 form. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due process violation where petitioner was originally released on OREC); *Leiva Flores*, 2025 WL 3228306, at *5 (similarly finding procedural due process violation for petitioner released on OREC and requiring hearing before detention); *Faizyan*, 2025 WL 3208844, at *7 (same).

The Court agrees with all the foregoing courts and similarly holds that Petitioner has procedural due process rights arising from his existing conditional parole. In their briefing, Respondents provide no evidence that Petitioner was afforded any notice or opportunity to be heard regarding the revocation of said parole. *See generally* ECF No. 5. Petitioner claims that he appeared for all his scheduled check-ins, which Respondents do not dispute. Accordingly, the Court joins these courts and finds that Respondents violated Petitioner's due process rights when they re-detained him on June 30, 2025.

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus. Because the Court grants the petition on the Due Process ground raised in Count 4 of the Petition and concludes that Respondents' revocation of Petitioner's conditional parole violates procedural due process, Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his preexisting conditional parole. The Parties are **ORDERED** to file a Joint Status Report by **December 29, 2025**, confirming that Petitioner has been released.

//
//
//
//
//

1 | Clerk of Court is **ORDERED** to **CLOSE** this case.
2 | **IT IS SO ORDERED.**
3 | Dated: December 23, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge